UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MANUEL RODRIGUEZ,
A#42-267-021                                                ECF Case

                Petitioner,                     Case. No. 07cv9635 (VM, J)

     - against -                                      Civil Action

ANDREA QUARANTILLO, District Director,
New York District of the U.S. Citizenship and
Immigration Services; U.S. CITIZENSHIP
AND IMMIGRATION SERVICES,

                Respondents.
------------------------------------------------------------x

**PETITION FOR REVIEW OF THE DENIAL
OF AN APPLICATION FOR NATURALIZATION**

      Petitioner, Mr. Manuel Rodriguez (hereinafter "Petitioner" or "Mr. Rodriguez"), by his attorneys, BRETZ & COVEN, LLP, alleges as follows:

**INTRODUCTION**

      1.      This is an action pursuant to INA § 310(c), 8 U.S.C. § 1421(c), seeking review of a decision by the District Director of the United States Citizenship and Immigration Services ("District Director" or "USCIS" or "Service") to deny Petitioner's application for United States citizenship. The USCIS issued a final denial of Mr. Rodriguez's application on June 29, 2007. Petitioner seeks that the Court vacate the decision by USCIS as arbitrary and capricious, an abuse of discretion, and otherwise inconsistent with the law, and remand to the District Director for a proper decision in conformance with the law. Alternatively, Petitioner seeks that the Court conduct a *de novo* hearing on his application for naturalization.

## JURISDICTION

2.  Judicial review is pursuant to INA § 310(c), 8 U.S.C. § 1421(c).

## VENUE

3.  Venue in the Southern District of New York is proper pursuant to INA § 310(c), 8 U.S.C. § 1421(c), which provides that a person "may seek review of [a naturalization] denial before the United States district court for the district in which such person resides." Mr. Rodriguez resides at 271 Fort Washington Avenue, Apartment #5G, New York, NY 10032, which is within this judicial district.

## PARTIES

4.  Mr. Rodriguez is a lawful permanent resident ("LPR") of the United States. He became an LPR on November 12, 1989. He applied for citizenship on April 18, 2002. The USCIS denied the application on February 2, 2005, and Mr. Rodriguez filed a timely administrative appeal on February 25, 2005. On June 29, 2007, the USCIS upheld the denial.

5.  The USCIS is the named defendant pursuant to 8 C.F.R. § 336.9(b), which states that "[t]he petition for review [of a naturalization denial] shall be brought against the Immigration and Naturalization Service." On November 25, 2002, the President signed into law the Homeland Security Act of 2002 (Pub. L. 107-296), which created the new Department of Homeland Security ("DHS"). Pursuant to the provisions of the Homeland Security Act, DHS came into existence on January 24, 2003. As provided by the Homeland Security Act and by the Department of Homeland Security Reorganization Plan of November 25, 2002, the functions of the former Immigration and Naturalization Service ("INS") of the Department of Justice, and all authorities with respect to those functions, were transferred to DHS on March 1, 2003, and the

INS was abolished on that date. The transition and savings provisions of the Homeland Security Act, including sections 1512(d) and 1517, provide that references relating to the INS in statutes, regulations, directives or delegations of authority shall be deemed to refer to the appropriate official or component of DHS. Section 451 of the Homeland Security Act created the USCIS and authorizes the USCIS to adjudicate naturalization petitions.

6.  Respondent Andrea Quarantillo is the USCIS District Director of the New York City District. As such, she is the USCIS designate for the New York City District, charged with the duty of administration and enforcement of all the functions, powers, and duties of the USCIS including the granting and denying of naturalization applications filed by residents of the Eastern District of New York pursuant to 8 U.S.C. § 1421. Her address is 26 Federal Plaza, 11th Floor, New York, New York.

## EXHAUSTION OF REMEDIES

7.  Mr. Rodriguez has exhausted the administrative remedies available to him. Section 310(c) of the INA, 8 U.S.C. § 1421(c), provides that an applicant for naturalization may seek judicial review of an adverse naturalization decision made after a hearing held pursuant to INA § 336, 8 U.S.C. § 1447.

## FACTS

8.  Mr. Rodriguez is fifty one years old. He is a native and citizen of the Dominican Republic. Mr. Rodriguez has resided lawfully in this country for almost twenty years. He entered the United States on or about November 12, 1989, as a lawful permanent resident.

9.  On March 31, 1995, Mr. Rodriguez was convicted in the Supreme Court of the State of New York for attempted criminal possession of a controlled substance in the seventh

degree under Section 110-220.03 of New York Penal Law, a Class B Misdemeanor. For this conviction, Mr. Rodriguez only received fine of $250, which has been fully paid. No other sentence was imposed, and Mr. Rodriguez has never been incarcerated or jailed or placed in probation.

10. Other than his March 31, 1995 conviction, Mr. Rodriguez has no other known arrest, conviction or violation of any law or regulation any where in the world.

11. On or about April 18, 2002, Mr. Rodriguez filed an application for naturalization with the legacy INS.

12. On February 11, 2003, Mr. Rodriguez had an interview on his application for naturalization with the INS.

13. On February 2, 2005, the USCIS denied Mr. Rodriguez's application for naturalization for lack of prosecution. The denial decision is attached as Exhibit A. The denial cites 8 C.F.R. § 335.7, and concludes that the application is denied because Mr. Rodriguez failed to submit a copy of the indictment related to his arrest which lead to the 1995 conviction.

14. On February 25, 2005, Mr. Rodriguez filed a timely appeal of the denial of his application for naturalization. In support of his appeal, Mr. Rodriguez explained that there is no indictment in misdemeanor cases in New York because only misdemeanor complaint is allowed under N.Y. CRIM. PROC. L. § 100.05, and submitted a copy of the misdemeanor complaint to which he pleaded guilty.

15. On April 14, 2005, Mr. Rodriguez had his interview on his appeal.

16. On June 29, 2007, the District Director affirmed the denial. The decision dated June 29, 2007, is attached as Exhibit B. With regard to the substance of Mr. Rodriguez's

qualification for naturalization, this decision only cites to INA §§ 237(2)(B)(i) and 316(e). The District Director found that Mr. Rodriguez cannot satisfy the good moral character requirement because he was convicted of a controlled substance offense. No other reasoning is provided.

17. INA § 237(2)(B)(i) provides that, other than a single offense involving personal use of 30 grams or less of marijuana, an alien convicted of a controlled substance offense at any time after admission is deportable.

18. INA § 316(e) provides that the Attorney General "may" consider the naturalization applicant's conduct prior to the five-year period preceding the date of the application.

19. 8 C.F.R. § 316.10(a)(2), the companion regulation to INA § 316(e), provides that the Service may consider naturalization applicant's conduct outside the five-year statutory period if the applicant's conduct during the statutory period does not reform of character or if earlier conduct appear relevant to the applicant's present moral character.

## FIRST CAUSE OF ACTION

(The Denial Should Be Set Aside Because It Is Arbitrary, Capricious, an Abuse of Discretion, Or Otherwise Not in Accordance with Law)

20. The allegations contained in paragraphs 1 through 19 above are repeated and realledged as though fully set forth herein.

21. *De novo* review is not the sole remedy that this Court may provide for an action pursuant to INA § 310(c). Remand for proper consideration of the evidence is a remedy that this Court may grant pursuant to INA § 310(c). INA § 310(c) provides that review is pursuant to chapter 7 of title 5, United States Code. 5 U.S.C. § 706(2)(a) provides that the Court may "hold

unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

22.  The USCIS's denial of Mr. Rodriguez is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law.  As such, the decision should be vacated and Mr. Rodriguez's application for naturalization should be remanded to USCIS for proper consideration of his application for naturalization.

23.  With regards to the decision dated June 29, 2007, there is no rational reason why any of the statutory provisions the decision cited to would justify denying Mr. Rodriguez's application for naturalization.  The District Director does not cite to any authority indicating that a single conviction for a class B misdemeanor drug offense, which only led to a sentence of minor fine, is a statutory bar to naturalization.  The District Director also does not explain why such a minor drug conviction which occurred more than 12 years ago in itself statutorily bars Mr. Rodriguez for naturalization when, following the 1995 conviction, he has shown a complete rehabilitation by leading a crime-free life ever since.  Nonetheless, the District Director concludes that Mr. Rodriguez cannot meet the good moral character requirement because of this single conviction.  This conclusion is simply irrational, illogical, arbitrary and capricious and otherwise not in accordance with law.

24.  The District Director's decision is irrational, illogical, arbitrary and capricious and otherwise not in accordance with law because it misinterprets INA § 316(e) to mean that conviction of any crime, regardless of how minor, makes the naturalization applicant ineligible for naturalization, without regard to when the crime occurred.  This is contrary to the plain language of INA § 316(e) which provides that the Attorney General "may" consider the

naturalization applicant's conduct prior to the five-year period preceding the date of the application. This statutory provision does not make a single conviction of a minor crime committed outside the five-year period a ground of ineligibility for naturalization .

25. The District Director's decision is irrational, illogical, arbitrary and capricious and otherwise not in accordance with law because it is contrary to the regulation she administers, 8 C.F.R. § 316.10(a)(2), which provides that, in determining good moral character, the Service may consider naturalization applicant's conduct outside the five-year statutory period if the applicant's conduct during the statutory period does not reform of character or if earlier conduct appear relevant to the applicant's present moral character. This regulatory provision only allows the District Director to consider the naturalization applicant's conduct outside the 5-year period if there is no evidence of reformation during that period. The District Director failed to follow this regulatory guideline by considering evidence outside the 5-year period when Mr. Rodriguez has shown complete reformation during that period.

26. The record contains substantial evidence that Mr. Rodriguez is a person of good moral character. Mr. Rodriguez's only conviction was in 1995 and his only arrest was in 1993, and there has not been any recidivism. Mr. Rodriguez never received any sentence for imprisonment or probation for the 1995 conviction and only received a $250 fine, which he fully paid. Mr. Rodriguez has no other known arrest, conviction or regulatory violation any where in the world.

27. District Director's decision makes no effort to balance the equities regarding Mr. Rodriguez's good moral character and does not provide any meaningful analysis.

28   In light of the fact that it does not appear that the USCIS has balanced the

equities regarding Mr. Rodriguez's good moral character and does not provide any meaningful analysis, this Court should not engage in *de novo* review of issues that were never considered by the USCIS and should vacate the USCIS decision.

## SECOND CAUSE OF ACTION

(*De Novo* Review on Mr. Rodriguez's Application for Naturalization)

29. The allegations contained in paragraphs 1 through 28 above are repeated and realledged as though fully set forth herein.

30. INA § 310(c) provides that at the request of the Petitioner, the Court shall conduct a hearing *de novo* on his application for naturalization. If the Court will not remand for USCIS to properly consider the evidence, then Mr. Rodriguez requests *de novo* review of his application for naturalization.

31. Mr. Rodriguez meets all of the requirements for naturalization.

32. Mr. Rodriguez is a person of good moral character.

33. Upon *de novo* review of his application for naturalization, Mr. Rodriguez should be granted naturalization.

**PRAYER FOR RELIEF**

**WHEREFORE**, Petitioner demands that this Court grant the following relief:

A.	Assume jurisdiction herein and vacate the denial of Mr. Rodriguez's application for naturalization as arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, and remand to the District Director to enter a proper decision on Mr. Rodriguez's application for naturalization; or in the alternative,

B.	The Court should conduct a *de novo* hearing on Mr. Rodriguez's application for naturalization and grant him citizenship.

C.	Grant such other and further relief as the Court deems appropriate and just;

D.	Grant attorney's fees and costs of court.


Dated:	New York, New York
	October 29, 2007

	Respectfully submitted,

	BRETZ & COVEN, LLP
	305 Broadway, Suite l00
	New York, N.Y. 10007
	(212) 267-2555


	s/David K. S. Kim
	David K. S. Kim (DK 5869)
	Matthew L. Guadagno
	Kerry W. Bretz
	Jules E. Coven
	Attorneys for the Petitioner

**VERIFICATION**

David K. S. Kim, under Rodriguezlty of perjury, states the following:

1.    I am an attorney admitted to practice before this Court. I am employed by Bretz & Coven, LLP, the attorneys for the Petitioner of the foregoing petition.

2.    I affirm the truth of the contents of the foregoing petition upon information and belief. The sources of my information and belief are the file that Bretz & Coven, LLP, maintains for the Petitioner.

Dated: New York, NY
October 29, 2007

s/David K.S. Kim
David K. S. Kim
