UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANUEL RODRIGUEZ,<br><br>                            Petitioner,<br><br>- against -<br><br>ANDREA QUARANTILLO, District Director, New York District of the U.S. Citizenship and Immigration Services; U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>                            Respondents. | No. 07 Civ. 9635 (VM)<br>ECF Case<br><br><br><br>**Electronically Filed**<br><br>**ANSWER OF RESPONDENTS** |

Respondents Andrea Quarantillo and U.S. Citizenship and Immigration Services ("respondents"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answer the Petition for Review of the Denial of an Application for Naturalization, dated October 29, 2007 (the "petition"), of petitioner Manuel Rodriguez, Alien Registration No. A42-267-021 ("petitioner"), as follows:

## INTRODUCTION

1.     The allegations contained in paragraph 1 of the petition set forth petitioner's characterization of this action and his prayer for relief, as to which no response is necessary, except admit that: (i) petitioner submitted an application to U.S. Citizenship and Immigration Services ("CIS") seeking to become a naturalized citizen of the United States under Sections 310 and 316 of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§ 1421 & 1427; (ii) CIS issued an initial decision denying petitioner's naturalization application on February 2, 2005; and (iii) upon further review of petitioner's naturalization application, CIS issued a final administrative decision denying his application on June 29, 2007.

## JURISDICTION

2. Paragraph 2 of the petition contains legal conclusions as to which no response is required, and respondents respectfully refer the Court to the statutory provision cited in paragraph 2 for its contents.

## VENUE

3. The first sentence of paragraph 3 of the petition contains legal conclusions as to which no response is required. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 3 of the petition.

## PARTIES

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 4 of the petition, and admit the allegations contained in the remaining sentences of paragraph 4 of the petition.

5. Paragraph 5 of the petition contains legal conclusions as to which no response is required, and respondents respectfully refer the Court to the statutory provisions cited in paragraph 5 for its contents.

6. Admit the allegations contained in the first and third sentences of paragraph 6 of the petition. The second sentence of paragraph 6 of the petition contains legal conclusions as to which no response is required.

## EXHAUSTION OF REMEDIES

7. Paragraph 7 of the petition contains legal conclusions as to which no response is required.

**FACTS**

8.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of paragraph 8 of the petition. Admit the allegations contained in the last sentence of paragraph 8 of the petition.

9.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the petition.

10.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the petition.

11.   Admit the allegations contained in paragraph 11 of the petition.

12.   Admit the allegations contained in paragraph 12 of the petition.

13.   Admit the allegations contained in the first sentence of paragraph 13 of the petition. With respect to the allegations contained in the second and third sentences of paragraph 13 of the petition, admit the existence of the decision attached as Exhibit A to the petition and respectfully refer the Court to that document for its contents.

14.   Admit the allegations contained in the first sentence of paragraph 14 of the petition. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 14 of the petition.

15.   Admit the allegations contained in paragraph 15 of the petition.

16.   Admit the allegations contained in the first sentence of paragraph 16 of the petition. With respect to the allegations contained in the remaining sentences of paragraph 16 of the petition, admit the existence of the decision attached as Exhibit B to the petition and respectfully refer the Court to that document for its contents.

17.   Paragraph 17 of the petition contains legal conclusions as to which no response is required.

18. Paragraph 18 of the petition contains legal conclusions as to which no response is required.

19. Paragraph 19 of the petition contains legal conclusions as to which no response is required.

## FIRST CAUSE OF ACTION

20. Incorporate by reference their responses to paragraphs 1 through 19.

21. Paragraph 21 of the petition contains legal conclusions as to which no response is required.

22. Deny the allegations contained in paragraph 22 of the petition.

23. Deny the allegations contained in the last sentence of paragraph of 23 of the petition, and with respect to the other allegations contained in paragraph 23, respectfully refer the Court to the June 29, 2007 decision, annexed to the petition as Exhibit B, for its contents.

24. Deny the allegations contained in the first sentence of paragraph 24 of the petition, and with respect to the other allegations contained in paragraph 24, respectfully refer the Court to the statutory provision cited therein as well as the June 29, 2007 decision, annexed to the petition as Exhibit B, for their contents.

25. Deny the allegations contained in the first sentence of paragraph 25 of the petition, and with respect to the other allegations contained in paragraph 25, respectfully refer the Court to the regulatory provision cited therein as well as the June 29, 2007 decision, annexed to the petition as Exhibit B, for their contents.

26. Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 26 of the petition, and do not respond to the legal conclusions contained in that paragraph.

27. With respect to the allegations contained in paragraph 27 of the petition, respectfully refer the Court to the June 29, 2007 decision, annexed to the petition as Exhibit B, for its contents.

28. Deny the allegations contained in paragraph 28 of the petition.

## SECOND CAUSE OF ACTION

29. Incorporate by reference their responses to paragraphs 1 through 29.

30. With respect to the allegations contained in the first sentence of paragraph 30 of the petition, respectfully refer the Court to the statutory provision cited therein for its contents. The second sentence of paragraph 30 of the petition contains a prayer for relief as to which no response is required.

31. Deny the allegations contained in paragraph 31 of the petition.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the petition.

33. Deny the allegations contained in paragraph 33 of the petition.

## AS AND FOR A DEFENSE

The administrative decisions issued by CIS on February 2, 2005, and, upon further review, July 3, 2007, denying petitioner's naturalization application, were properly issued, were supported by substantial evidence in the record, comported with applicable law, and fell within the ambit of the Attorney General's broad discretion in naturalization matters.

WHEREFORE, respondent respectfully requests that this Court enter judgment dismissing the petition in its entirety, and for such other relief as the Court deems proper.

Dated: New York, New York
        May 2, 2008

                                MICHAEL J. GARCIA
                                United States Attorney for the
                                Southern District of New York
                                Attorney for Defendants

                    By:    /s/
                           SHANE CARGO
                           Assistant United States Attorneys
                           86 Chambers Street
                           New York, New York 10007
                           Tel.    (212) 637-2711
                           Fax    (212) 637-2786
                           shane.cargo@usdoj.gov

To:    David K. S. Kim
       BRETZ & COVEN, LLP
       305 Broadway, Suite 100
       New York, New York 10007